STEWART F. SEIBOLD et al., complainants-respondents,

*v.*

LAKE INTERVALE CORPORATION, a corporation of the State of New Jersey, and INTERVALE HOLDING CORPORATION, a corporation of New Jersey, et al., defendants-appellants.

[Submitted February term, 1948.  Decided May 13th, 1948.]

*Mr. Oliver K. Day,* for the complainants-respondents.

*Mr. Abraham M. Herman,* for the defendants-appellants.

The opinion of the court was delivered by

CASE, CHIEF-JUSTICE.

The appeal challenges two orders which were entered in the Court of Chancery on the going down of the *remittitur* of this court, the opinion wherein is reported in *139 N. J. Eq. 298.* The first order was made on July 8th, 1947.  It recited that the defendant Intervale Holding Corporation had filed a sufficiently secured undertaking and directed the sheriff to readvertise the mortgaged premises and to make sale in such parcels as that defendant might desire.  The second order, made July 28th, 1947, gave the further direction to the sheriff that if, after he had sold the property in various parcels as theretofore directed, it should result that the total bids for such sale in parcels were not sufficient to satisfy the mortgage

debt, plus the costs of the sheriff's sales, then the sheriff should resell the premises as one parcel.

After our opinion, above referred to, had been rendered, appellants attempted to file a *remittitur*, the effect of which would have been to reverse the order of April 22d, 1946, *in toto;* and they now argue as though that effort had succeeded. However, upon examining the, proposed *remittitur* and considering the arguments of counsel thereon, we concluded that our decision did not call for a complete reversal but would be met by giving opportunity for raising the question below as to the need for additional parties and by opening the final decree and *fieri facias* to the end that, upon proper security being given to protect the complainants in their earlier bid, such further proceedings could be taken for a resale as were not inconsistent with our opinion. We accordingly rejected the proposed *remittitur* and adopted one, submitted by the respondents, which ordered Chancery to reverse the decree in question to the end that, if the complainants should be properly secured as to their bid theretofore made and accepted, such proceedings might be taken as would not be inconsistent with our opinion. When the record was back in Chancery, appellant Intervale Holding Corporation moved that court to direct the complainants to bring in additional parties. That application was denied by an order which is not now before us. There then followed in chronological sequence the two orders under appeal. The course taken below was in accordance with the *remittitur* by which the Court of Chancery was bound. If there was error or omission in the *remittitur*, the proper remedy was by application to this court for an amendment. *Martindell* v. *Martindell, 135 N. J. Eq. 454.*

We find no error in the orders appealed from. They will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 12.

*For reversal*—None.