STEWART F. SEIBOLD ET AL., COMPLAINANTS-RESPOND-
ENTS, v. LAKE INTERVALE CORPORATION ET AL.,
DEFENDANTS-APPELLANTS.

Argued March 28, 1949—Decided April 25, 1949.

*Mr. Abraham M. Herman* argued the cause for the appellants.

*Mr. Oliver K. Day* argued the cause for the respondents.

The opinion of the court was delivered by

BURLING, J. This appeal is from an order of the former Court of Chancery made September 7, 1948, confirming a sale upon a mortgage foreclosure held July 30, 1945. From the record, the following facts are important: Following the final decree in the foreclosure suit the sale in question was held, as heretofore stated, on July 30, 1945. The sale was thereafter confirmed by the Court of Chancery on April 22, 1946, and from that confirmation an appeal was taken by the defendants to the Court of Errors and Appeals. That court reversed the Court of Chancery for reasons, not here important, which appear in its opinion, 139 *N. J. Eq.* 298 (1946), and ordered the sale of July 30, 1945, set aside and a new sale held upon specified terms.

Pursuant to the *remittitur* of the Court of Errors and Appeals, the Court of Chancery, on July 8, 1947, ordered a resale to be held by the sheriff of Morris County and specifying certain acts to be done by the defendants in compliance with the *remittitur* of the Court of Errors and Appeals. From this order and a subsequent ancillary order, the defendants again appealed to the Court of Errors and Appeals which affirmed the orders, 142 *N. J. Eq.* 75 (1948). Upon the filing of the *remittitur* an order was, on July 19, 1948, entered in the Court of Chancery affirming the prior order in the cause and directing that the mortgaged premises be sold in the

manner set forth in the prior orders. The sale was ordered to be held on September 27, 1948, and an alias *fieri facias* was directed to be issued.

Subsequent to the entry of the order of July 19, 1948, the defendant disputed the computation of the amount found due in the original foreclosure decree and procured an order to show cause why the decree should not be amended. This order to show cause was procured from a Vice-Chancellor who had not previously heard any part of the litigation and who, upon the return day of the order to show cause, immediately adjourned the matter to September 7, 1948, before the Vice-Chancellor to whose vicinage the matter pertained and who had advised the prior orders.

Pending the disposition of the order to show cause a dispute arose between the defendant and the sheriff of Morris County over the amount of funds to be advanced by the defendant in compliance with the order for sale dated July 19, 1948. Without making a timely application to the court for instructions the defendant allowed the deadline for the required advertising, August 25, 1948, to pass by, still disputing the amount it was required to advance and refusing to advance the amount required by the sheriff. When the time had passed, so that it was impossible to conduct the sale in compliance with the order of the court and still comply with the provisions of *R. S.* 2:75–1, the complainant moved to confirm the original sale of July 30, 1945, on the ground that defendant had refused to comply with the order of the court of July 19, 1948. This motion and the defendant's order to show cause were heard together on September 7, 1948, at which time the court dismissed the order to· show cause and ordered the original sale confirmed, the latter action forming the basis for this appeal.

The action of reinstating the sale of July 30, 1945, was in disregard of the *remittiturs* of the Court of Errors and Appeals which had ordered the sale in question set aside. As was aptly stated by Mr. Justice Case in *Isserman v. Isserman,* 2 *N. J.* 1 (*Sup. Ct.* 1949), "When an order of an appellate court goes with its *remittitur* to the court of original

jurisdiction, it is there for the purpose of being carried into effect, and not for revision, correction or reversal."

The bill to foreclose was filed October 20, 1944. During the prolonged period of litigation dilatory tactics were evinced upon the part of the appellant. In the recent situation, the respondent was not without remedy. He could have promptly applied to the Court of Chancery for instructions or a clarification of the disputed terms of the order for sale but instead of so doing he moved to re-affirm the order.

On October 4, 1948, subsequent to the order of September 7, 1948, the appellant filed a notice of appeal in the Appellate Division of the Superior Court. Thereafter, on October 26, 1948, beyond the time for appeal to this court under *Rule* 1:2–5, the appellant filed a notice of appeal in this court. Respondent thereafter moved to dismiss this appeal and the motion was reserved until final disposition of the case upon the merits. The explanation offered is the interpretation placed by counsel upon *Rule* 4:2–1 that the proper tribunal for his appeal was the Appellate Division. This interpretation was subsequently corrected by his examination of *Chapter* 367, *Laws of* 1948, § 12 (1). Since the progress of the appeal was not delayed and in view of the fact that *Chapter* 367, *Laws of* 1948, is to be liberally construed, we are constrained to view the notice of appeal of October 26, 1948, as if it had been filed in this court as of October 4, 1948. Consequently we deny the motion.

The motion to dismiss is denied and the order of the former Court of Chancery is set aside. The case is remitted to the Chancery Division of the Superior Court with directions to cause the property to be forthwith sold in accordance with the *remittitur* of the former Court of Errors and Appeals.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, WACHENFELD, BURLING and ACKERSON—6.

*For affirmance*—None.